UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE LEONARD,

        Petitioner,        Case No. 2:15-cv-13627
                                         Hon. Paul D. Borman

v.

BILL SCHUETTE,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO DISMISS HABEAS PETITION WITHOUT PREJUDICE [ECF No. 12]**

Petitioner, Maurice Leonard, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is presently confined at the Federal Correctional Facility in Yazoo City, Mississippi, where he serving a 17-year sentence. The petition does not concern Petitioner's federal convictions. Rather, it challenges Petitioner's 2008 Wayne Circuit Court guilty plea convictions for assault with intent to commit murder, MICH. COMP. LAWS. § 750.83, assault with intent to commit armed robbery, MICH. COMP. LAWS. § 750.89, delivery of less than 50 grams of cocaine, MICH. COMP. LAWS. § 333.7401(2)(a)(iv), felon in possession of a firearm, MICH. COMP. LAWS. § 750.224f, conspiracy to commit armed robbery, MICH. COMP. LAWS. § 750.157a, resisting or obstructing a police officer, MICH. COMP. LAWS. § 750.479, and possession of a firearm during commission of a felony. MICH. COMP. LAWS. §

750.227b. Petitioner was sentenced to a controlling term of 30-to-60 years for the assault convictions and lesser terms for the other offenses. Petitioner's state sentences were ordered to run concurrently with Petitioner's federal sentence.

The petition asserts that Leonard's trial counsel was ineffective for failing to accurately predict the sentence he would receive after pleading guilty to the state charges. Respondent filed an answer to the petition, asserting that Petitioner's claim is procedurally barred from review because Petitioner did not present his claim to the Michigan Supreme Court. Petitioner now moves the Court to voluntarily dismiss the action. (ECF No. 12.) Respondent has not filed an opposition to the motion.

Federal Rule of Civil Procedure 41(a)(2) provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Rule 41(a)(2) is designed "to protect the nonmovant from unfair treatment." *Id.*

Because Respondent does not oppose Petitioner's motion for voluntary dismissal, the Court will grant the motion, and dismiss the case without prejudice.

Additionally, the Court denies a certificate of appealability as reasonable jurists could not debate the correctness of the Court's procedural ruling. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). This case is closed. Should Petitioner wish to seek federal habeas relief following the exhaustion of state court remedies, he must file a new habeas petition.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 17, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2016.

s/Deborah Tofil
Case Manager